# United States Court of Appeals
### For the Eighth Circuit
_____

No. 18-3338
_____

United States of America

*Plaintiff - Appellee*

v.

Marlin Santana Thomas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: September 16, 2019
Filed: September 19, 2019
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Marlin Thomas appeals the above-Guidelines sentence the district court[1] imposed after he pleaded guilty to a drug offense. His counsel has moved for leave

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), suggesting that the district court made various sentencing errors.

We first conclude that the district court did not abuse its discretion in considering prior grand jury testimony by one person and hearsay testimony offered at sentencing regarding statements by a second person, as the evidence possessed sufficient indicia of reliability to support its probable accuracy. <u>See</u> <u>United States v. Sheridan</u>, 859 F.3d 579, 583 (8th Cir. 2017) (standard of review; in resolving disputed issues of fact during criminal sentencing, district court may rely on relevant hearsay, so long as evidence possesses sufficient indicia of reliability to support its probable accuracy). Next, we conclude that the district court did not clearly err in finding the grand jury testimony credible, as it was not contradicted by extrinsic evidence, internally inconsistent, or implausible. <u>See</u> <u>United States v. Wright</u>, 739 F.3d 1160, 1166-67 (8th Cir. 2014) (standard of review; district court's decision to credit testimony can almost never be clear error unless testimony is contradicted by extrinsic evidence or is so internally inconsistent or implausible on its face that no reasonable factfinder would credit it). We further conclude that the district court did not abuse its discretion by crediting hearsay testimony regarding statements by the second person, based on the court's observations of that person's testimony in another proceeding. <u>See</u> <u>United States v. Tucker</u>, 404 U.S. 443, 446 (1972) (at sentencing, district court may conduct inquiry broad in scope, and is largely unlimited as to kind of information it may consider or source from which that information may come).

We also ascertain no error in the district court's application of a Guidelines enhancement based on evidence that Thomas choked a woman and forced heroin into her mouth. <u>See</u> U.S.S.G. § 2D1.1(b)(2) (2-level enhancement if, inter alia, defendant used violence). We further conclude that the district court did not err in imposing an above-Guidelines sentence based on Thomas's prostitution activities, which the court found were "inextricably intertwined" with his drug offense. <u>See</u> <u>United States v. Mangum</u>, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable

where court made individualized assessment based on facts presented).  Thomas's sentence also is not substantively unreasonable.  <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (discussing substantive reasonableness).

Finally, we have independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues.  Accordingly, we grant counsel's motion for leave to withdraw, and we affirm.

_____